Richaedson, Ch. J.,
delivered the opinion of the court:
Congress appropriated to the claimant by name $2,000 towards reimbursement for certain contested-election expenses incurred by him (26 Stat. L., 531). In stating the account at the Treasury the accounting officers stated a set-off and make a deduction of $122.29, and paid the balance only. The set-off is stated as follows:
Salary from the 1st to the 9th day of July, 1885, which had been allowed and paid to the claimant at the rate of $5,000 a year, being time in excess of the maximum time, fifteen days, allowed for transit from his post of duty, Port au Prince, to the United States.$122.29
The claimant, having been minister resident and consul-general of the United States to the Republic of Haiti, waspaid by the defendants at the rate of $5,000 a year from September 28, 1877, to July 24, 1885. He claimed salary at the rate of $7,500 a year. On the 18th of August he filed his petition in this court, in which is was alleged that—
“ The claimant was, on the 28th day of September, in the year 1877, duly appointed minister resident and consul-general of the United States to the Republic of Haiti, and held that office continuously from the time of said appointment till and including the 24th day of July in the year 1885.”
To this petition the defendant filed the following answer:
“And now comes the Attorney-General, on behalf of the United States, and answering the petition of the claimant herein, denies each and every allegation therein contained, and asks judgment that the petition be dismissed.”
Upon the issue thus joined the Court of Claims, on the 11th day of January, in the year 1886, entered the following findings of fact:
*258 “The claimant was, on the 28th day of September, 1877, appointed minister resident and consul-general of the United States to Haiti, and held that office until the 24th day of July, 1885.
“ The compensation paid to the claimant was at the rate of $7,500 a year up to and including June 30,1882. From and after July 1, 1882, to the termination of his official services, July 24, 1885, he was compensated at the rate of $5,000 a year only.”
And the court, having decided the law in favor of the claimant, gave him judgment for the entire time claimed in his petition, amounting to $7,666.66.
Thereupon, on the 25th day of January, 1886, the United States appealed to the Supreme Court from said judgment, and on the 10th day of May, 1886, said judgment was by said Supreme Court in all things affirmed, and a mandate in accordance therewith sent from said Supreme Court to this court and duly recorded, and thereupon his said judgment was paid in full at-the Treasury of the United States, with the interest thereon allowed by law.
All this is set out in the petition and is admitted by the demurrer of the defendants.
The claimant insists that the United States are forever es-topped from maintaining or asserting that his official service and term during which he was entitled to salary ceased to run at any date prior to the 24th day of July, 1885.
We agree with the claimant in his contention. Few principles of law are better settled than that parties and privies are concluded by a judgment of a court of competent jurisdiction upon every material issue clearly presented by the pleadings and tried by the court and judgment rendered thereon.
In this case the time during which the claimant held office was offered in issue by the allegation in the petition in the former suit, that he was continuously in office from the 28th of September, 1877, until and including the 24th day of July, 1885. It* was a material issue, because upon the determination depended the amount of the judgment to be rendered. The defendants filed a general traverse, denying every allegation contained in the petition.
The Court of Claims found as the claimant alleged, and gave judgment accordingly. On appeal the Supreme Court affirmed the judgment, and the same was paid through an appropriation by Congress. In our opinion this closes the issue between the *259 parties. They have had their day in court and can not renew the controversy in another action.
The defendants set up a novel theory of defense. They urge that as they voluntarily made payment to the claimant of his salary for the time between the 1st to the 9th of July, 1885, at $5,000 a year, before suit was brought, they have a right to recover back the amount, because they paid it, an'd so it was not included in the former judgment, which they allege was only for the difference between the salary paid at $5,000 a year and the salary claimed at $7,500; that is, that the judgment was for the salary of $2,500 unpaid, and did not affect that which was paid. This is a refinement we can not adopt. The former suit covered the salary for exactly the same period of time, and giving credit for what had been paid, the judgment was for the balance. We are unable to see how it makes any difference that the amount sought now to be recovered back was paid by the defendants and allowed in part payment on the claim before suit brought or whether it formed part of the judgment finally rendered. The court passed upon both questions of time and amount and the judgment covered the whole case.
The opinion of the court is that the former judgment is forever a bar to the claim set up in defense as res judicata.
The demurrer is overruled, and judgment will be entered for the claimant for the sum of $122.29, with leave to the defendants to plead to the petition by the 1st day of May next, and to have the judgment set aside for that purpose if they so elect.